**Randall J. McBRIDE, Plaintiff,**

v.

**Hurschel D. ALEXANDER, Defendant.**

**No. S83–0314C.**

United States District Court,
E.D. Missouri,
Southeastern Division.

June 25, 1984.

Motion to Set Aside Judgment
Denied Sept. 18, 1984.

James D. Sickal, Tyce S. Smith, Sr., Waynesville, Mo., J. Max Price, John D. Beger, Salem, Mo., for plaintiff.

John Ashcroft, Mo. Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, Mo., for defendant.

## MEMORANDUM AND ORDER

WANGELIN, District Judge.

This matter is before the Court upon defendant's motion for summary judgment. Plaintiff has not opposed or otherwise responded to defendant's motion. Plaintiff did move to delay ruling on the motion until after defendant's deposition had been taken, stating that the deposition would be taken prior to April 15, 1984. In view of the present date and plaintiff's ample opportunity to depose the defendant, that motion to delay ruling will be denied as moot.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. He alleges that defendant, an investigator for the Missouri State Fire Marshall, arrested him on or about January 19, 1983 and that said arrest was "illegal, beyond the scope of the defendant's authority and without probable cause." Plaintiff seeks actual and punitive damages, plus attorney's fees and costs.

Defendant's affidavit sets forth the facts in more detail. When plaintiff's motel in Eminence, Missouri was heavily damaged by fire, defendant was assigned by his supervisor to investigate the cause of the conflagration. After conducting an extensive investigation of the scene, the parties involved and the facts surrounding the fire, defendant concluded that there was probable cause that the fire had been intentionally started by plaintiff, in collusion with one or more other persons. He therefore placed plaintiff under arrest, and plaintiff was taken into custody and charged with conspiracy to commit arson. The charges were subsequently dismissed after a preliminary hearing.

Defendant's affidavit sets forth a detailed factual basis for his conclusion that the fire was the result of arson, and that plaintiff had the motive and opportunity to commit the offense. Since plaintiff has in no way attempted to contradict any of the statements in defendant's affidavit, they are to be taken as true. On the basis of these facts, the Court can conclude that defendant did have probable cause to place plaintiff under arrest. Further, the Court concludes on the basis of the undisputed record that defendant had legal authority to place plaintiff under arrest pursuant to Mo.Rev.Stat. § 320.230.2 (1978), and that the manner in which he conducted the arrest was not in violation of plaintiff's constitutional rights.

■ As a general rule, summary judgment rulings are discouraged in cases involving alleged violations of constitutional or civil rights. *See generally* 10A Wright, Miller and Kane, *Federal Practice and Procedure* § 2732.2 (1983). Nevertheless, summary judgment is appropriate in such cases where the record clearly establishes the absence of material fact issues with regard to the alleged violations. *See, e.g., Tarpley v. Greene,* 684 F.2d 1 (D.C.Cir. 1982) (summary judgment affirmed where plaintiff failed to contradict police officer's affidavit regarding circumstances of arrest); *Moats v. Village of Schaumburg,* 562 F.Supp. 624 (N.D.Ill.1983) (summary judgment granted on issue of probable cause where undisputed facts established good faith on the part of arresting police officer); *Donaldson v. Hovanec,* 473 F.Supp. 602 (E.D.Pa.1979) (summary judgment granted where plaintiff failed to refute arresting police officer's assertions of good faith, lack of malice and knowledge of arresting authority). It is difficult for this Court to conceive of a case more appropriate for summary judgment than the present case, where plaintiff does not attempt to contradict conclusive evidence filed by defendant.

■ In view of the foregoing considerations, the Court concludes that there is no genuine issue as to any material fact, and that defendant is clearly entitled to judgment as a matter of law. Fed.R.Civ.P. 56(e).

Accordingly,

IT IS HEREBY ORDERED that defendant's motion for summary judgment be and is GRANTED; and

IT IS FURTHER ORDERED that plaintiff's motion to delay ruling be and is DENIED as moot.